Douglas A. Axel (Bar No. 173814)
daxel@sidley.com
Peter I. Ostroff (Bar No. 45718)
postroff@sidley.com
Christopher M. Egleson (Bar No. 295784)
cegleson@sidley.com
Sidley Austin LLP
555 W. 5th Street
Los Angeles, CA 90013
Telephone: (213) 896-6000

Howard J. Stanislawski (*pro hac vice*)
hstanislawski@sidley.com
Sidley Austin LLP
1501 K Street, N.W.
Washington, DC 20005

*Attorneys for Defendant*
*Ehud Barak*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMHET DOGAN, individually and on behalf of his deceased son FURKAN DOGAN; and HIMET DOGAN individually and on behalf of her deceased son, FURKAN DOGAN<br><br>*Plaintiffs,*<br><br>v.<br><br>EHUD BARAK,<br><br>*Defendant.* | 2:15-CV-08130-ODW-(GJSx)<br><br>**DEFENDANT'S RESPONSE TO SUGGESTION OF IMMUNITY BY THE UNITED STATES**<br><br>Date: July 25, 2016<br>Time: 1:30 p.m.<br>Place: Courtroom 11<br>Judge: The Hon Otis D. Wright II |

## DEFENDANT'S RESPONSE TO SOI BY UNITED STATES

The United States has filed a Suggestion of Immunity ("SOI") confirming that "the Executive Branch has determined that former Israeli Defense Minister Ehud Barak is immune from this suit." *Suggestion of Immunity by the United States*, C.R. 48 at 12 (June 6, 2016).[1] As the SOI explains, the United States' determination is controlling on this Court and requires the dismissal of this action. *Id.* at 1-7.

As explained in the SOI, "the Executive Branch's constitutional authority over the conduct of foreign affairs" requires dismissal where, as here, the Executive Branch has determined that a foreign official is immune from suit in United States courts. SOI at 2-7. Such deference to the Executive Branch is required by controlling decisions of the Supreme Court, *e.g. Samantar v. Yousuf*, 560 U.S. 305, 311 (2010); *Republic of Mexico v. Hoffman*, 324 U.S. 30, 36 (1945); *Ex parte Peru*, 318 U.S. 578, 588 (1943), which have repeatedly been endorsed by the Ninth Circuit. *E.g. Peterson v. Islamic Republic of Iran,* 627 F.3d 1117, 1126 (9th Cir. 2010) (citing with approval *Samantar*'s holding that the filing of an SOI requires "the district court [to] dismiss[] the case for lack of jurisdiction"); *Chuidan v. Philippine Nat'l Bank* , 912 F.2d 1095, 1100 (9th Cir. 1990) (under common law, when the State Department filed a "suggestion" of immunity, "the courts treated such 'suggestions' as binding determinations, and would invoke or deny immunity based upon the decisions of the State Department") (citing *Ex parte Peru*); *see Hassen v. Nahyan*, 2010 WL 9538408 at *5 (C.D. Cal. Sept. 17, 2010) (Gee, J.) (deferring to State Department determination that a defendant was entitled to immunity).[2]

---

[1] In addition to serving as Minister of Defense, Ehud Barak previously served as Prime Minister of the State of Israel.

[2] Other circuits apply the same rule, *e.g.*, *Se. Leasing Corp. v. Stern Dragger Belogorsk*, 493 F.2d 1223, 1224 (1st Cir. 1974); *Matar v. Dichter*, 563 F.3d 9, 15 (2d Cir. 2009) *Spacil v. Crowe*, 489 F.2d 614, 617 (5th Cir. 1974); *Ye v. Zemin*, 383 F.2d 620, 625 (7th Cir. 2004), and *Yousuf v. Samantar*, 699 F.3d 763 (4th Cir. 2012), is not to the contrary. *Yousuf* recognized that an SOI "carries substantial weight" but stated in dicta that it is "not controlling." *Id.* at 773. But in that case the State Department submitted an SOI "expressly opposing immunity." *Id.* at 767-68, 777-78.

Recent events underscore the need for deference here.  On June 28, 2016, the governments of Israel and Turkey reached an agreement resolving their differences regarding the *Mavi Marmara* incident.  *E.g. Israel, Turkey Strike Deal to Normalize Ties*, CNN.com (June 27, 2016), *available at* http://www.cnn.com/2016/06/26/middleeast/israel-turkey-relations/ (last visited July 10, 2016); *Israel and Turkey Officially Announce Rapprochement Deal, Ending Diplomatic Crisis,* Haaretz.com, *available at* http://www.haaretz.com/israel-news/1.727369 (last visited July 10, 2016). [3]  The agreement includes, among other things, a release of liability for Israel and its officials and an ex gratia $20 million payment by Israel into a fund to compensate the families of those killed on the *Mavi Marmara*.  *Id.*  In announcing the deal, Prime Minister Netanyahu stated that he had spoken about it with US Secretary of State John Kerry and Vice President Joe Biden, both of whom welcomed the deal as promoting stability in the Middle East.  *See PM Netanyahu's Statement At His Press Conference in Rome* (June 27, 2016), *available at* http://mfa.gov.il/MFA/PressRoom/2016/Pages/PM-Netanyahus-statement-in-Rome-27-June-2016.aspx (last visited July 10, 2016); *Readout of the President's Call with President Recep Tayyip Erdogan of Turkey* (June 29, 2016), *available at* https://www.whitehouse.gov/the-press-office/2016/06/29/readout-presidents-call-president-recep-tayyip-erdogan-turkey (last visited July 10, 2016).  Were the Court to overrule the State Department here and allow plaintiff's claims to go forward, it would be thrusting itself into sensitive areas of foreign policy, potentially affecting U.S. interests in the Middle East.  *See, id.*  For all of the reasons described in Defendants' papers filed in this matter and in the SOI filed by the United States, the law does not allow such an outcome.

---

[3] Defendant requests that the Court take judicial notice of the recent Israel-Turkey agreement resolving the *Mavi Marmara* incident.  The fact of the agreement "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  *See* Fed. R. Evid. 201(b)(2).

# CONCLUSION

The Court should dismiss plaintiffs' complaint with prejudice.

Dated: July 11, 2016

Respectfully submitted,

SIDLEY AUSTIN LLP

By: /s/ Douglas A. Axel
Douglas A. Axel

*Attorneys for Defendant Ehud Barak*